**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEVON TERRELL ABNEY,

    Plaintiff,

v.

CITY OF DETROIT DEPARTMENT OF
TRANSPORTATION, JEANNIE WILSON,
GENA TYSON and WILLIAM CASON,

    Defendants.

_____/

Case No. 19-CV-13339-DT

HON. DENISE PAGE HOOD

**ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYING FEES,
SUMMARILY DISMISSING AND CLOSING ACTION,
AND
FINDING ALLEGATIONS FRIVOLOUS**

Before the Court is Plaintiff Devon Terrell Abney's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports his claim of pauper status. The Court grants Plaintiff *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the action as frivolous and for failure to state a claim upon which relief may be granted.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is

frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

On November 12, 2019, Plaintiff filed the instant Complaint against Defendants City of Detroit Department of Transportation ("DDOT"), Jeannie Wilson, Gena Tyson and William Cason. Plaintiff alleges that on November 11, 2016, Defendants violated his civil rights under 42 U.S.C. § 1983 while on the DDOT Bus Route 18. Plaintiff claims that the individual Defendants attacked him and that he suffered severe and permanent injuries. (Complaint, ECF No. 1, PageID.10 and .16.)

Plaintiff alleges in the Complaint that Defendants are employees of DDOT. However, Plaintiff failed to state the necessary facts to establish that the individual Defendants are state actors. Even if this can be established, the Fourth Amendment will only apply to government conduct that can reasonably be characterized as a "search" or "seizure." *United States v. Attson*, 900 F.2d 1427, 1429, 1433 (9th Cir.1990). The Fourth Amendment cannot be triggered simply because a person is acting on behalf of the government. *Id*. For the conduct of a non-law enforcement governmental party to be subject to the Fourth Amendment, it must be demonstrated that the individuals acted with the intent to assist the government in its investigatory or administrative purpose, and not an independent purpose. *Aprin v. Santa Clara Valley Transportation*, 261 F.3d 912, 921 (9th Cir. 2001); *Coleman v. Wirtz,* 745 F. Supp. 434, 443 (N.D. Ohio Aug. 10, 1990). Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care

arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. *Baker v. McCollan,* 443 U.S. 137, 146 (1979). Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.

Here, Plaintiff alleges that Defendants, without specifically identifying which defendant, assaulted him. Based on the facts alleged by Plaintiff, the Fourth Amendment does not apply because Plaintiff only alleges that these Defendants assaulted him. There are no facts alleging that their actions assisted the government in its investigatory or any other administrative purpose, nor factual allegations that Plaintiff may have been arrested by law enforcement as a result of this incident. The claims against the individual Defendants must be dismissed.

Even if Plaintiff can establish a cognizable claim against the bus driver and other individual Defendants, a local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional

violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480 (1986). A rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell's* policy requirements. "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981).

Here, there are no allegations in the Complaint claiming that Defendants' actions relate to a policy or custom resulting in a constitutional violation. Instead the facts alleged relate to the actions of the individual bus driver and other Defendants that they assaulted Plaintiff. The claims against DDOT must be dismissed.

The court may raise the statute of limitations issue *sua sponte* in screening a civil rights complaint. *Watson v. Wayne Co.,* 90 F.App'x 814, 815 (6th Cir. 2004)(court may sua sponte raise statute of limitations whin the defense is apparent on face of the pleadings). A review of the Complaint shows that the claim of assault and battery against the individual Defendants must be dismissed. In Michigan, the two-year statute of limitations applies to assault, battery or false imprisonment. MCL § 600.5805(3). A plaintiff's claims are time-barred and should be dismissed even if it is one day late. *See Van Lokeren v. City of Grosse Pointe Park,* Case No. 13-14291,

5

2014 WL 988965 at *9 (E.D. Mich. Mar. 13, 2014); *Rembisz v. Lew*, 830 F.2d 681, 683 (2016)(Statutory limitations period must be strictly enforced and ordinarily may not be extended even by a "single day.")

The Complaint alleges that the incident occurred on November 11, 2016. Plaintiff filed the instant Complaint on November 12, 2019, three years after the incident, and one-year beyond the two-year statute of limitations for assault and battery in Michigan. Plaintiff's claims are time-barred and the Complaint must be dismissed.

The Court finds Plaintiff fails to state a claim against Defendant upon which relief may be granted under Fed. R. Civ. P. Rule 12(b)(6). The Court further finds the allegations and statements in Plaintiff's Complaint are frivolous.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Devon Terrell Abney's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs **(Doc. No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED with prejudice and this action is designated as CLOSED on the docket.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445

(1962), *McGore*, 114 F.3d at 610-11.

                                                         s/Denise Page Hood  
                                                        DENISE PAGE HOOD  
                                                        Chief Judge

DATED: February 14, 2020